(No. 1098—Claimant awarded $350.00.)

JOHN R. CHRISTIAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 29, 1927.*

RESPONDEAT SUPERIOR—*property damage. When award may be made to State employee.* While the State is not liable to claimant for injuries sustained by him while in the discharge of his duty, yet as a matter of equity and good conscience an award may be made to him for damages to his property used by him in the course of his employment.

BENJ. F. CASSIDAY, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

The claimant was employed by the State of Illinois on the 19th day of August, 1925, mowing grass and weeds along the right of way of the durable hard surface road on Route No. 4 between Elkhart and Broadwell in the county of Logan and State of Illinois, and while thus employed under the orders of superintendents, a patrolman, Luther Arney, of the Department of Public Works and Buildings, Division of Highways, was collided with from the rear by an Overland sedan automobile bearing Illinois 1925 license, purported to be owned by one J. W. Finney, of Bluffs, Illinois, and as the result of such accident the claimant alleges that he received two severe wounds on the head, cut down to the skull, severe abra-

sions and bruises on back. The mules driven by claimant were knocked down and injured about the knees and hip. The mower in which claimant was riding was completely destroyed and the harness damaged beyond repair, all of which is as alleged by claimant.

It appears that claimant was injured while acting as an employee of the State of Illinois, and, while there is no legal liability, it has been the practice of this court to follow the Workmen's Compensation Act in dealing with the employees of the State. The Attorney General of the State comes and files a demurrer, which, as a matter of law, is sustained.

It would appear to the court from the records in this case that the man driving the car that caused the injury should respond to claimant in the matter of property damaged and bear in mind the claimant's personal injuries, time lost, etc.

However, it would appear from all of the facts in the case and the matter of equity and good conscience, the claimant should recover a reasonable allowance for property damages.

Therefore, it is recommended by the court that the claimant be allowed the sum of $350.00.